UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HOWARD JOHNSON INTERNATIONAL, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**RAY & RAJ, INC. and RAJENDRA B. PATEL,**<br><br>Defendants. | Civ. No. 2:11-00730 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff Howard Johnson International, Inc. ("Howard Johnson") settled the above-captioned franchise dispute in 2011 and voluntarily dismissed its claims with prejudice. The settlement fell through. Howard Johnson now asks the Court to enter a consent judgment for the balance due under the settlement agreement. The Supreme Court's decision in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), allows, but does not require, the Court to exercise its diversity jurisdiction over this settlement dispute. For the foregoing reasons, the Court chooses to exercise its jurisdiction, and it will **GRANT** Howard Johnson's motion for entry of the consent judgment.

      Roughly five months into this litigation, the parties entered into a confidential settlement agreement (the "Agreement") providing for a series of installment payments. Couch Certification ¶¶ 4-5, ECF No. 10-1. The Agreement, which the Court has reviewed *in camera*, references a proposed consent judgment. That proposed consent judgment was signed by Defendants on July 7, 2011. *Id.* at Ex. A. The plan was that if Defendants missed an installment payment, Howard Johnson would add its signature and fill in the amount it was owed: $276,845.41 less any monies already paid under the Agreement. With the proposed judgment in hand, Howard Johnson voluntarily dismissed its claims with prejudice, and the case was closed. ECF No. 7.

Months later, Defendants missed a payment, and Howard Johnson threatened to seek entry of the consent judgment if the installment was not forwarded in short order. Couch Certification, Ex. B. Apparently, the threats went nowhere. Howard Johnson proceeded to sign the proposed judgment, fill in the amount it was owed under the Agreement, and file the instant motion. When it filled in the proposed judgment, Howard Johnson mistakenly wrote $74,345.41. *Id.* ¶ 4 n.1. Since Defendants had only paid $43,511.28, Howard Johnson was actually owed $233,334.13 ($276,845.41 less $43,511.28).

The Court begins its analysis with subject matter jurisdiction. Based on *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), the Court concludes that it has jurisdiction. *Kokkenen* holds that "enforcement of [a] settlement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378. In *Kokkenen*, a plaintiff voluntarily dismissed its claims with prejudice after it entered into a settlement agreement. Unfortunately, "settled" is a relative term. One party alleged breach of the settlement agreement, and it asked the court to enforce the agreement; it did not ask the court to revisit the claims that were dismissed with prejudice. *Id.* The enforcement request might have appeared proper at the time, but it was not. As the Supreme Court explained, the district court lacked jurisdiction over the settlement dispute for three reasons. First, the district court lacked inherent authority to exercise jurisdiction. *Id.* at 380-81. Second, the district court did not have ancillary jurisdiction since (a) there was no "factual[] interdependen[ce]" between the settlement dispute and the underlying dispute, and (b) the settlement agreement was not incorporated into a court order. *Id.* at 380-82. Finally, the district court lacked an independent basis for jurisdiction. *Id.* at 382.

*Kokkenen* is explicit: in the absence of ancillary jurisdiction, courts may not enforce settlement agreements without an "independent basis for jurisdiction." But it is not explicit about whether lower courts possessing an independent basis for jurisdiction can, or must, exercise that jurisdiction. Some courts refuse to exercise their jurisdiction. They require plaintiffs to bring a new lawsuit for breach of the settlement agreement. *See, e.g.*, *Cross Media Mktg. Corp. v. Budget Mktg., Inc.*, 319 F. Supp. 2d 482, 482-83 (S.D.N.Y. 2004). Others take the opposite approach. They consider the settlement dispute in the same case as the underlying dispute. *See, e.g.*, *Brown v. M/V "Global Link"*, No. 1-8298, 2003 WL 22015439, at **1-2 (S.D.N.Y. Aug. 26, 2003). The Third Circuit has not ruled on the question.

This Court agrees with the United States Court of Appeals for the Seventh Circuit: "*Kokkonen* is about adjudicatory competence, not the number of filing fees a plaintiff must pay. As long as [an independent basis for jurisdiction] supplies authority to decide, the court may act without a fresh complaint." *Blue Cross &*

*Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 638 (7th Cir. 2006).  Where jurisdiction lies, and where it would be efficient to do so, courts should exercise their jurisdiction and adjudicate a settlement dispute without requiring the plaintiff to file a "fresh complaint."

Here, the settlement dispute falls under the Court's diversity jurisdiction because the parties are citizens of different states, Compl. ¶¶ 1-3, ECF No. 1, and the amount in controversy ($233,334.13) exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  Basically, the Court only has to sign a proposed order to provide the requested relief.  It would be inefficient to make Howard Johnson file a new complaint under a new docket number when this Court can resolve the dispute with little more than the stroke of a pen.  The Court will sign the proposed judgment.  Because Howard Johnson's certification—which Defendants have chosen not to challenge—provides a "clear, precise, and convincing" explanation for why the $74,351.41 figure does not comport with the parties' intent, the Court will also correct the scrivener's error and enter judgment for $276,845.41.  *See Int'l Union v. Murata Erie North Am., Inc.*, 980 F.2d 889, 900 (3d Cir. 1992) ("Under the doctrine of the scrivener's error, the mistake of a scrivener in drafting a document may be reformed based upon parol evidence, provided the evidence is 'clear, precise, convincing and of the most satisfactory character' that a mistake has occurred and that the mistake does not reflect the intent of the parties.") (internal citation omitted).

Accordingly, the Court will exercise its jurisdiction, reform the proposed consent judgment to reflect an award of $233,334.13, and **GRANT** Howard Johnson's unopposed motion.  An appropriate order follows.

    /s/ William J. Martini  
    **WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 15, 2012**